**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118506

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| Barbara Lowe, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| | JURY TRIAL DEMANDED |
| FBCS, Inc. and LVNV Funding, LLC, | |
| Defendants. | |

Barbara Lowe, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against FBCS, Inc. and LVNV Funding, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

1

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendants conducted business within the State of New Jersey.

### PARTIES

5.      Plaintiff Barbara Lowe is an individual who is a citizen of the State of New Jersey residing in Passaic County, New Jersey.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant FBCS, Inc., is a Pennsylvania corporation with a principal place of business in Montgomery County, Pennsylvania.

9.      On information and belief, Defendant LVNV Funding, LLC, is a Delaware Limited Liability Company with a principal place of business in New Castle County, Delaware.

10.     Defendant FBCS, Inc. regularly collects or attempts to collect debts asserted to be owed to others.

11.     Defendant FBCS, Inc. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12.     The principal purpose of Defendant FBCS, Inc.'s business is the collection of such debts.

13.     Defendant FBCS, Inc. uses the mails in its debt collection business.

14.     Defendant FBCS, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15.     Defendant LVNV Funding, LLC regularly collects or attempts to collect debts asserted to be owed to others.

16.     Defendant LVNV Funding, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

17.     The principal purpose of Defendant LVNV Funding, LLC's business is the collection of such debts.

18.     Defendant LVNV Funding, LLC uses the mails in its debt collection business.

19.     Defendant LVNV Funding, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

2

**ALLEGATIONS SPECIFIC TO PLAINTIFF**

20.     In or about 2016, Defendant LVNV Funding, LLC brought an action against Plaintiff in Passaic County Superior Court under Docket No. DC 005913-16 in an attempt to collect a debt allegedly owed by Plaintiff ("the alleged Debt").

21.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

22.     The alleged Debt does not arise from any business enterprise of Plaintiff.

23.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     On October 20, 2016, while Plaintiff appeared in Court, Defendant LVNV Funding, LLC failed to appear for a docket call of the case and the matter was dismissed.

25.     At an exact time known only to Defendants, but years after the case was dismissed, Defendant LVNV Funding, LLC assigned the alleged Debt to Defendant FBCS, Inc. for collection.

26.     In its efforts to collect the alleged Debt, Defendant FBCS, Inc. contacted Plaintiff throughout 2019.

27.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

29.     15 U.S.C § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

30.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

31.     Defendants' attempts to collect a debt that was subject to dismissal is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

32.     Defendants' attempts to collect a debt that was subject to dismissal is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

33.     Defendants' attempts to collect a debt that was subject to dismissal is a threat to take any action that cannot legally be taken, and is in violation of 15 U.S.C § 1692(5).

34.     Defendants' attempts to collect a debt that was subject to dismissal is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

35.     Defendants' attempts to collect a debt that was subject to dismissal is a false representation of the amount of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

36.     Defendants' attempts to collect a debt that was subject to dismissal is a false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

37.     Defendants' attempts to collect a debt that was subject to dismissal is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

38.     Defendants' attempts to collect a debt that was subject to dismissal is a deceptive means in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

39.     15 U.S.C. § 1692e protects Plaintiff's concrete interests.  Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants.  As set forth herein, Defendants deprived Plaintiff of this right.

40.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

41.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

42.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New Jersey.

43.     Plaintiff seeks to certify a class of:

> All consumers from whom Defendants attempted to collect a debt that was subject to dismissal, which attempts were made on or after a date one year prior to the filing of this action to the present.

44.     This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

45.     The Class consists of more than thirty-five persons.

46.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

47.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

48.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

49.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a.   Certifying this action as a class action; and

    b.   Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c.   Finding Defendants' actions violate the FDCPA; and

    d.   Granting damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    e.   Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.   Granting Plaintiff's costs; all together with

    g.  Such other relief that the Court determines is just and proper.

DATED: February 26, 2020

**BARSHAY SANDERS, PLLC**

By:  _/s/ Craig B. Sanders_
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118506

