**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA LOWE, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>FBCS, INC. and LVNV FUNDING, LLC,<br>Defendants. | Civil Action No.: 20-2268<br><br>**OPINION** |

**CECCHI, District Judge.**

### I. INTRODUCTION

This matter comes before the Court on Plaintiff Barbara Lowe's ("Plaintiff" or "Lowe") and Defendants FBCS, Inc. ("FBCS") and LVNV Funding, LLC's ("LVNV) (collectively, "Defendants") cross-motions for summary judgment. ECF Nos. 31, 43. The parties opposed the cross-motions for summary judgment (ECF Nos. 33, 46), and replied in support of their motions (ECF Nos. 34, 47). The Court has considered the submissions made in support of and in opposition to the motions and decides the motions without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion for summary judgment is **DENIED** and Defendants' motion for summary judgment is **GRANTED**.

### II. BACKGROUND

#### A. Factual Background

The instant action arises out of a state court debt collection action initiated by LVNV against Lowe, wherein the Superior Court of New Jersey entered apparently conflicting and erroneous orders. Namely, the Superior Court dismissed the case against Lowe but also entered default judgment against her. Defendants, debt collectors, allegedly attempted to collect on the default judgment while it was in effect and before it was vacated.

1

On or about July 11, 2016, Defendant LVNV commenced an action against Plaintiff in the Superior Court of New Jersey, Passaic County, Docket Number PAS-DC-5913-16 (the "State Court Action") seeking to collect a personal credit card debt. Plaintiff filed an Answer in the State Court Action on August 12, 2016, disputing the debt. Pl.'s Statement of Material Facts ("PSMF") ¶ 4. Plaintiff was thereafter notified that the matter would be set down for trial on October 20, 2016. Id. ¶ 5.

On October 14, 2016, LVNV filed a request for default judgment against Lowe in the State Court Action and submitted a certification of proof regarding its damages. Id. ¶ 6; ECF No. 46-5 (proof of damages). That day, the Superior Court entered judgment in favor of LVNV and against Lowe under Judgment Number PAS-VJ-6348. *See* ECF No. 46-6 (judgment notice indicating that default judgment was "effective" on October 14, 2016). On October 20, 2016, the morning of trial, LVNV's counsel submitted a letter to the state court indicating that the matter should be marked as settled. PSMF ¶ 11. That day, Plaintiff appeared for the trial in the State Court Action as scheduled, but LVNV did not. Id. ¶¶ 8–9. As a result, Judge Liliana S. DeAvila-Silebi entered an Order dismissing the case by reason of LVNV's non-appearance. Id. ¶ 9.

On November 8, 2016, despite the dismissal order, the Superior Court filed a notice stating that judgment had been entered in favor of LVNV against Plaintiff for an amount of $1,173.19 on October 14, 2016. ECF No. 46-6. On October 11, 2018, the state court filed a "Statement for Docketing," which would have allowed LVNV to docket that judgment. ECF No. 31-5.

Plaintiff alleges that, in 2019, FBCS started calling her to collect a debt on behalf of LVNV. ECF No. 43-10, Declaration of Barbara Lowe ("Lowe Decl.") ¶ 20. Plaintiff cannot remember the dates or number of calls but recalls receiving many calls from FBCS from mid to late 2019. Id. ¶ 21. Plaintiff also alleges that, during one or more of those calls,

2

she verbally disputed the debt. Id. ¶ 28. By letter dated September 11, 2019, FBCS acknowledged Plaintiff's verbal dispute of the alleged debt. Id.; *see* ECF No. 31-8 ("Lowe Dep.") 24:8–9. During her deposition on February 19, 2021, Plaintiff could not recall this letter. Lowe Dep. 24:19–25:9. She also could not recall disputing an account with FBCS, making a phone call to FBCS, or receiving any calls or letters from FBCS or LVNV. Id. at 25:10–26:19.

On or about August 17, 2020, Plaintiff filed a motion to vacate the judgment entered in the State Court Action. PSMF ¶ 26. On August 23, 2021, the Superior Court of New Jersey entered an order (the "Vacatur Order") granting Plaintiff's motion to vacate the default judgment, finding that the judgment had been "entered erroneously" and declaring the judgment "void *ab initio*." ECF No. 45-2.

### B.   Procedural History

On March 2, 2020, Plaintiff filed a putative class action Complaint (ECF No. 1), which she amended on June 1, 2020 (the "First Amended Complaint") (ECF No. 9). In the First Amended Complaint, Plaintiff alleges that Defendants attempted to collect a debt that was subject to dismissal and by doing so, made a false representation in violation of the Federal Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692e(2)(A), 1692e(5) and 1692e(10). Id. Defendants filed a motion to dismiss the First Amended Complaint on June 15, 2020. ECF No. 10. Upon motion by Plaintiff (ECF No. 21), on February 11, 2021, this Court entered an order staying consideration of Defendants' motion to dismiss pending the disposition of Plaintiff's motion to vacate judgment in the State Court Action (ECF No. 27).

On April 16, 2021, Defendants filed the instant motion for summary judgment under Federal Rule of Civil Procedure 56. ECF No. 31. Defendants argue that: (1) Plaintiff cannot establish any debt collections efforts within the statutory period; and (2) even if Defendants

3

attempted to collect the debt at issue within the statutory period, said attempts did not violate 15 U.S.C. §§ 1692e because a judgment had been entered against Plaintiff at the time of the debt collection. ECF No. 31-1 ("Def. MSJ") at 7–9. Plaintiff filed an opposition to Defendants' motion for summary judgment on May 24, 2019, arguing that her claims are timely and that there is sufficient evidence that Defendants had violated the FDCPA by seeking an invalid default judgment, making false representations to the state court, and thereafter calling Plaintiff to collect on an invalid judgment. ECF No. 33. On June 1, 2021, Defendants replied in further support of their motion for summary judgment, reiterating arguments made in their initial motion. ECF No. 34.

On October 8, 2021, Plaintiff moved for summary judgment (ECF No. 43), arguing that: (1) she has Article III standing; (2) her claims are timely; (3) there is no dispute that Defendants attempted to collect a debt subject to dismissal and thus made a false or misleading statement in violation of the FDCPA; and (4) she is entitled to recover actual and statutory damages and an award of attorneys' fees (ECF No. 43-13). Defendants filed an opposition to Plaintiff's motion for summary judgment on October 18, 2021, arguing that: Plaintiff's claims are barred by the applicable statutes of limitations, they did not violate section FDCPA by attempting to collect on the judgment at issue, Plaintiff lacks standing, and she is not entitled to any damages or legal fees under the FDCPA. ECF No. 46.[1] On October 25, 2021, Plaintiff filed a reply in further support of her motion for summary judgment. ECF No. 47.

---

[1] On October 15, 2021, Defendants requested that their opposition to Lowe's motion for summary judgment be adjourned until after a "trial" in the State Court Action. ECF No. 44. Defendants' request is based on an apparently errant notation on the bottom of the Vacatur Order, which states "trial date 9/16/21," even though the matter was dismissed. ECF No 45-2. Indeed, the docket sheet for the case does not show a purported trial date on September 16, 2021 and does not show any further activity scheduled. ECF No. 45-3. Defendants filed their opposition to Lowe's motion for summary judgment before the Court ruled on their request.

4

### III.   LEGAL STANDARD

A court shall grant summary judgment under Rule 56(c) "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *New Milford Bd. of Educ. v. C.R.*, No. 09-328, 2010 WL 2571343, at *2 (D.N.J. June 22, 2010), *aff'd*, 431 F. App'x 157 (3d Cir. 2011). Furthermore, "[i]f the court does not grant all the relief requested by the motion, it may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case." *Adams v. Klein*, No. 18-1330, 2020 WL 2404772, at *4 (D. Del. May 12, 2020) (citing Rule 56(g)). The "substantive law identifies which facts are material, and 'only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Beard v. Norfolk S. Ry. Corp.*, No. 18-1801, 2020 WL 2616670, at *2 (M.D. Pa. Mar. 12, 2020), *report and recommendation adopted*, 2020 WL 2615728 (M.D. Pa. May 22, 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, a dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. *Id.*

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has satisfied this burden, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group. Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the

burden at trial," summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Importantly, summary judgment is also appropriate "if the non-moving party provides merely conclusory or speculative evidence." *Beard*, 2020 WL 2616670, at *2 ("There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts."). Indeed, "[o]ne cannot create an issue of fact merely by ... denying averments ... without producing any supporting evidence of the denials." *Thimons v. PNC Bank, NA*, 254 F. App'x 896, 899 (3d Cir. 2007); *see also Beard*, 2020 WL 2616670, at *3 ("[O]nly evidence which is admissible at trial may be considered in ruling on a motion for summary judgment.").

"The standard by which the court decides a summary judgment motion does not change when the parties file cross-motions." *Clevenger v. First Option Health Plan of N.J.*, 208 F. Supp. 2d 463, 468 (D.N.J. 2002). "When ruling on cross-motions for summary judgment, the court must consider the motions independently . . . and view the evidence on each motion in the light most favorable to the party opposing the motion." *Id.* at 468–69 (citations omitted).

## IV.   **DISCUSSION**

The Court will first consider Defendants' motion for summary judgment and view the evidence in a light most favorable to Plaintiff. *See Clevenger*, 208 F. Supp. 2d at 468–69.[2] "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA

---

[2] Defendants do not appear to address standing in their motion for summary judgment or reply, and Plaintiff does not appear to address standing in opposition to Defendants' motion for summary judgment. *See* ECF Nos. 31, 33, 34. Although in subsequent briefing the parties dispute whether Plaintiff has standing (*see* ECF Nos. 43, 46, 47), even assuming *arguendo* that Plaintiff has standing, her claims are nevertheless subject to dismissal, as explained further below.

6

in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). The FDCPA has a one-year statute of limitations, which "begins to run on the date on which the alleged FDCPA violation occurs." *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) (citing 15 U.S.C. § 1692k(a)). There is no dispute that Plaintiff is a consumer in satisfaction of the first element and that Defendants are debt collectors in accordance with the second element. The parties dispute whether Defendants attempted to collect a debt within the one-year statute of limitations period and whether, in doing so, Defendants violated § 1692e of the FDCPA.

Plaintiff alleges that FBCS called her from "mid to late 2019" seeking to collect a debt on behalf of LVNV. Lowe Decl. ¶ 21. Defendants contest this point, noting that, during her deposition, Plaintiff could not confirm or even recall a single call from Defendants. *See* Lowe Dep. 25:10–26:19. Even assuming that Defendants called Plaintiff in 2019 to collect the default judgment in the State Court Action, the Court finds that Defendants' efforts did not violate § 1692e of the FDCPA. § 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and provides a non-exhaustive list of prohibited conduct.[3]

Here, Plaintiff argues that default judgment was erroneously entered against her in the State Court Action, and thus, "Defendants' efforts to collect a debt that was the subject of dismissal is improper *per se*." ECF No. 43-13 at 7. The Court finds this argument unpersuasive. Although the default judgment entered against Plaintiff was eventually vacated, it was in effect from October

---

[3] Namely, § 1692e(2)(A) prohibits debt collectors from making false representations of "the character, amount or legal status of any debt" and § 1692e(10) relatedly prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." § 1692e(5) prohibits debt collectors from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

7

2016 to August 2021. Indeed, the Superior Court filed a judgment notice on November 8, 2016 and a Statement for Judgment on October 11, 2018, which both established that default judgment had been entered against Plaintiff in the State Court Action on October 14, 2016. ECF Nos. 31-5, 46-6. The default judgment entered against Plaintiff was not vacated until August 23, 2021. ECF No. 45-2. Because the default judgment was in effect in 2019 (the time of the alleged debt collection efforts), Defendants' attempts to collect on the judgment were not inherently false, misleading, or illegal. *See Deangelo v. LVNV Funding LLC*, No. 18-15689, 2020 WL 3468061, at *8 (D.N.J. June 25, 2020) (finding that plaintiff failed to state a claim for a violation of § 1692e, even though defendants allegedly sought to collect a time-barred debt, because defendants held a judgment at the time of the debt collection efforts and thus, the debt collection "could have been 'legally' undertaken within the meaning of § 1692e(5), at least <u>until the judgment was vacated</u>") (emphasis added). Therefore, Defendants have satisfied their burden of identifying evidence that shows an absence of a genuine issue of material fact. *See Conoshenti*, 364 F.3d at 145–46.

Plaintiff nevertheless argues that, because the Superior Court found that the default judgment was void *ab initio*,[4] the Vacatur Order entered on August 23, 2021 should be treated as if the order itself existed in 2019. *See* ECF No. 43-13 at 18–20. Plaintiff has provided no case law in support of this proposition, *see generally* id., and the Court disagrees with her reasoning. Even though the default judgment is <u>now</u> considered invalid, the judgment nevertheless existed in 2019 when the alleged communications were made.

Since the Court finds that Defendants satisfied their burden of showing an absence of a genuine of issue of material, the non-moving party must now "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'

---

[4] "*Ab initio*" means "from the beginning." Black's Law Dictionary (11th ed. 2019).

8

designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citation omitted). Here, besides arguing that Defendants' alleged attempts to collect on the erroneous default judgment were *per se* false and misleading—an argument that the Court has already dismissed—Plaintiff has not alleged that any other aspect of the alleged debt collection communications were false, misleading, or illegal. *See generally* ECF No. 33.[5] Accordingly, Defendants' motion for summary judgment is granted. *See Skinner v. Asset Acceptance, LLC*, 876 F. Supp. 2d 473, 479 (D.N.J. 2012) (denying plaintiff's motion for partial summary judgment and granting defendant debt collector's motion for summary judgment because the Court found that defendant's "attempt to collect the debt without having filed [a] bond . . . did not violate the FDCPA, [and the p]laintiff has not come forward with facts or evidence in support of its contention that the challenged letter violated any other provisions of the FDCPA.").

In her cross-motion for summary judgment, Plaintiff reiterates the argument that she made in opposition to Defendants' motion for summary judgment: namely, that Defendants violated the FDCPA, as a matter of law, because they attempted to collect a debt that was subject to dismissal. *See generally* ECF No. 43. As expressed above, Defendants' attempts to collect on the default judgment were not inherently false or misleading, even though the default judgment was eventually dismissed, because the default judgment was in effect at the time of the alleged debt

---

[5] Plaintiff does appear to take issue with representations and actions undertaken by LVNV in the State Court Action. *See* ECF No. 33 at 16–17. Specifically, Plaintiff references LVNV's decision to move for default judgment, its failure to appear at trial, and its representation to the New Jersey Superior Court that the matter had been "settled" even though Plaintiff contested the debt at issue. *See* id. These allegedly erroneous representations and actions date back to 2016, whereas this suit was filed in March 2020. ECF No. 1. Thus, any claims based on the alleged misrepresentations and errors made by LVNV in the State Court Action are barred by the one-year statute of limitations for FDCPA violations. *See Rotkiske*, 140 S. Ct. at 358.

collection communications. Therefore, Plaintiff's motion is denied. *See Skinner*, 876 F. Supp. 2d at 479.[6]

## V. CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment (ECF No. 31) is granted and Plaintiff's cross motion for summary judgment (ECF No. 43) is denied. An appropriate Order accompanies this Opinion.

**DATED**: November 30, 2021

*[signature]*

**CLAIRE C. CECCHI, U.S.D.J.**

---

[6] Because the Court finds that Defendants have not violated the FDCPA, it need not address Plaintiff's arguments regarding damages and attorneys' fees and costs. ECF No. 43-13 at 20–22.